UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT EARLE JOHNSON,

    Plaintiff,

v.

RON VAN BOENING, *et al.*,

    Defendants.

Case No. C08-5428FDB-KLS

REPORT AND RECOMMENDATION

Noted for March 6, 2009

This matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Rules MJR 1, MJR 3, and MJR 4. This matter comes before the Court on plaintiff's filing of an amended complaint (Dkt. #40) in response to the undersigned's order that he do so (Dkt. #38). Having reviewed the amended complaint, defendants' motion to dismiss plaintiff's original complaint pursuant to Federal Civil Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6). (Dkt. #29), and the remaining record, the undersigned submits the following report and recommendation for the Court's review.

## DISCUSSION

The Court's review of a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) is limited to the complaint. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). All material factual allegations in the complaint "are taken as admitted," and the complaint is to be liberally "construed in the light most favorable" to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Lee, 250 F.3d at 688. A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6) "unless it appears beyond doubt that the

1  plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v.
2  Gibson, 355 U.S. 41, 45-46 (1957). Dismissal under Fed. R. Civ. P. 12(b)(6) may be based upon "the
3  lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal
4  theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (internal citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id.; see also Jones v. Community Development Agency, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusionary allegations, unsupported by facts are not sufficient to state section 1983 claim); Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992). Thus, while the Court is to construe the complaint liberally, such construction "may not supply essential elements of the claim that were not initially pled." Pena, 976 F.2d at 471.

On September 29, 2008, defendants filed a motion to dismiss plaintiff's original complaint. (Dkt. #29). On December 9, 2008, the undersigned issued an order to show cause, informing plaintiff that a recommendation to grant defendants' motion and dismiss his complaint would be made to the Court due to the deficiencies noted therein, unless he filed an amended complaint curing those deficiencies by no later than January 9, 2009. (Dkt. #38). Plaintiff filed an amended complaint with the Court on January 9, 2009. (Dkt. #40). Upon review of the amended complaint, it appears plaintiff has sufficiently cured the deficiencies noted in the undersigned's order to show cause. Accordingly, the undersigned recommends the Court deny defendants' motion to dismiss the original complaint as moot.

## CONCLUSION

For the aforementioned reasons, the undersigned recommends that the Court DENY defendants' motion to dismiss plaintiff's original complaint. (Dkt. #29).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v.

1 Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is
2 directed set this matter for consideration on **March 6, 2009**, as noted in the caption.
3       DATED this 11th day of February, 2009.

                                                                        Karen L. Strombom
                                                                        United States Magistrate Judge