UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT EARLE JOHNSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>RON VAN BOENING, *et al*,<br><br>　　　　　　Defendants. | Case No. C08-5428FDB-KLS<br><br>ORDER DENYING DEFENDANTS' MOTION TO STRIKE |

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4, and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72. The case is before the Court on defendants' filing of a motion to strike pursuant to Fed. R. Civ. P. 12(f). (Dkt. #58). After reviewing defendants' motion, plaintiff's response to that motion,[1] defendants' reply thereto, and the balance of the record, the Court finds and orders as follows:

On September 29, 2008, defendants filed a motion to dismiss plaintiff's original complaint. (Dkt. #29). On December 9, 2008, plaintiff was ordered to file an amended complaint, curing, if possible, the

---

[1] Plaintiff has noted his response as a motion to strike defendants' motion. While, as explained below, defendants' motion is being denied both on the merits and because it was untimely filed, the Court finds no basis for barring it from consideration or striking it from the record. Accordingly, to the extent that is what plaintiff is seeking here, his motion to strike defendants' motion (Dkt. #59) hereby is DENIED. The Court, however, has considered the arguments contained in plaintiff's response in its decision to deny defendants' motion to strike.

ORDER
Page - 1

deficiencies noted in his original complaint. (Dkt. #38). On January 9, 2009, plaintiff filed an amended complaint (Dkt. #40), and on February 11, 2009, the Court accepted that complaint for filing. (Dkt. #42, #46, #54). On February 19, 2009, defendant Charyl Jorban – who plaintiff named as a defendant in the amended, but not original, complaint – was served with a copy of the amended complaint. (Dkt. #49-#50). Defendants filed their motion to strike the amended complaint on April 15, 2009. (Dkt. #58).

In requesting that the Court strike plaintiff's amended complaint and order him to file a complaint that complies with Fed. R. Civ. P. 8(a), defendant points out that the amended complaint is 44 pages long, containing 144 paragraphs, with over 40 additional pages of exhibits attached. As such, defendants argue the amended complaint is "anything but 'short and plain,'" contains "an excessive amount of unnecessary factual background and evidentiary support for his claims," and thus clearly and egregiously violates Fed. R. Civ. P. 8(a). (Dkt. #58, p. 3). Defendants go on to assert the amended complaint contains "unnecessary and inappropriate detailed evidentiary allegations," which "are not benign," and which may not simply be ignored, but rather each must be admitted or denied. (Id. at p. 4).

Defendants argue the documents plaintiff attached to the amended complaint are "unnecessary and inappropriate" under Fed. R. Civ. P. 8(a) as well. In addition, they state the amended complaint appears to contain "inappropriate and unnecessary arguments and/or hypotheticals," with respect to which responses also should not be required. (Id. at pp. 4-5). Defendants further point to citations to several cases set forth in the amended complaint, which they assert are inappropriate under Fed. R. Civ. P. 8(a) and "contrary to the instructions in this Court's standard civil rights complaint" used by plaintiff for his original complaint. (Id. at p. 5). Finally, Defendants state they are not making this motion lightly. (Id.).

The Court certainly appreciates defendants not making their motion lightly, given that "[m]otions to strike are generally viewed with disfavor and are not frequently granted." Lazar v. Trans Union, LLC, 195 F.R.D. 665, 669 (C.D.Cal. 2000). Such motions "are often looked on with disfavor because of the tendency for such motions to be asserted for dilatory purposes." State of California ex rel. State Lands Comm'n v. United States, 512 F.Supp. 36 , 38 (N.D.Cal. 1981). On the other hand, "where the motion may have the effect of making the trial of the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be well taken." Id.; Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), overruled on other grounds, 510 U.S. 517 (1994) (function of motion to strike is to avoid expenditure of time and money that arise from litigating spurious

issues by dispensing with them prior to trial).

The district court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Redundant" matter is that which "consists of allegations that constitute a needless repetition of other averments or which are wholly foreign to the issue to be denied." Gilbert v. Ely Lilly & Co., 56 F.R.D. 116, 120 n.4 (D.Puerto Rico 1972). "By 'immaterial' matter it is generally meant that which has no essential or important relationship to the claim for relief or the defenses being pleaded." Id. at 120 n.5; Fantasy, 984 F.2d at 1527. "Impertinent" matter is that which "consists of any allegation not responsive nor relevant to the issues involved in the action and which could not be put in issue or be given in evidence between the parties." Gilbert, 56 F.R.D. at 120 n.6; Fantasy, 984 F.2d at 1527 (impertinent matter consists of that which do not pertain, and are not necessary, to issues in question). "Superfluous historical allegations," furthermore, also "are a proper subject of a motion to strike." Fantasy, 984 F.2d at 1527.

Still, as noted above, "courts must view the pleadings under attack in the light more favorable to the pleader," and motions to strike "are generally not granted unless it is clear that matter to be stricken could have no possible bearing on the subject matter of litigation." Lazar, 195 F.R.D. at 669 (citation omitted). "Indeed, 'a case should be tried on the proofs rather than the pleadings.'" Id. (citation omitted). Motions to strike thus "should not be granted," absent "a demonstration that the allegations attacked have no possible relation to the controversy and may prejudice the other party." Gilbert, 56 F.R.D. at 120-21 (D.Puerto Rico 1972); Lazar, 195 F.R.D. at 669.

It is true, as noted by defendants, that "[e]videntiary allegations are not usually proper pleading." LeDuc v. Kentucky Central Life Insurance Co., 814 F.Supp. 820, 830 (N.D.Cal. 1992). Those "supplying background or historical material or other matter of an evidentiary nature," however, "will not be stricken unless unduly prejudicial to" defendants. Id. Therefore, where a complaint's allegations, "when read with the complaint as a whole, give a full understanding thereof, they need not be stricken." Id. "Under the liberal federal pleading rules," furthermore, "notice and clarity of claims is all that is required." Id. This would seem to be particularly true in this case, considering the Ninth Circuit's "'liberal approach . . . to pleadings by *pro se* prisoners.'" Andrews v. King, 398 F.3d 1113, 1119 (9th Cir. 2005) (quoting Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003)).

In support of their motion to strike, defendants rely primarily on the holdings in two Ninth Circuit

cases, McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996), and Holgate v. Baldwin, 425 F.3d 671 (9th Cir. 2005). Defendants cite McHenry for the proposition that a pleading violates Fed. R. Civ. P. 8(a), if it contains prolix evidentiary averments and other unnecessary material. 84 F.3d at 1177-78. As discussed above, though, the presence of such averments and material are, in themselves, insufficient to support a motion to strike. Indeed, the Ninth Circuit's holding in McHenry clearly is distinguishable on its facts. In addition to not containing "a short and plain statement" of the asserted claims for relief, the complaint at issue in that case "did not give the court a clear statement" of those claims, nor did it "give defendants a fair opportunity to frame a responsive pleading" thereto. Id. at 1174.

The district judge in McHenry also gave the plaintiffs "three opportunities to amend the complaint in accord with the judge's instructions," with the third amended complaint merely restating the prior ones "without curing their deficiencies." Id. The Ninth Circuit noted that because that third amended complaint was 53 pages long, and mixed "allegations of relevant facts, irrelevant facts, political argument, and legal argument in a confusing way," it could not be sure it correctly understood all of the averments contained therein. Id. In describing the first amended complaint plaintiffs filed – the claims of which, as just noted, were merely restated in the third amended complaint – the Ninth Circuit said:

> The thirty-seven page amended complaint is mostly an extended narrative of the details of the various activities of plaintiff McHenry, and his numerous alleged arrests. At the end of his complaint, plaintiff McHenry purports to set out two counts, one for damages and one for declaratory and injunctive relief. McHenry's claims are set out in a single sentence thirty lines long, alleging numerous and different violations of rights, without any specification of which of the twenty named defendants or John Does is liable for which of the wrongs. Another, similar, paragraph lays out the claims on behalf of plaintiff Warren. The only specificity given is that no punitive damages are sought from the City of San Francisco and no damages are sought from defendant Superior Court of California.

Id. The district judge himself "particularly noted," for example, "the impossibility of figuring out which defendants were allegedly liable for which wrongs," noting further in relevant part that:

> . . . the vague wording of the complaint makes it excessively difficult for individual defendants to formulate proper defenses and subject the city and others to unnecessary discovery.
>
> . . .
>
> . . . as the complaint stands now it does not properly notify individual defendants of the allegations with which they are charged. Given the number and diversity of named defendants and the breadth of the allegations, claims which vaguely refer to 'defendants' or 'other responsible authorities' will not suffice. . . .
>
> . . .

ORDER
Page - 4

> . . . plaintiffs' complaint does not provide enough detail for the court to determine the appropriateness of [absolute or qualified immunity] defenses [which may have been available to many of the named defendants] at this time. . . .

Id. at 1175.

With respect to the second amended complaint, which was 43 pages long, "[t]he section naming particular defendants linked them up with parts of the narrative, but still did not tell them of what [claims] they were accused." Id. The district judge again noted that "[i]n wholly inadequate fashion," plaintiffs had presented "their legal claims in a mere two paragraphs in the form of an undifferentiated list near the end of" the complaint. Id. at 1176. The district judge went on to describe the complaint as "mostly, 'narrative rumblings' and 'storytelling or political griping,'" noting further that it did "not provide defendants notice of what legal claims" were being "asserted against which defendants." Id.

In regard to the third amended complaint, "no attempt" was made by the plaintiffs "to match up the specific factual allegations and the specific legal claims to a specific defendant," with "[t]he result" being that both the defendants and the district court were "literally guessing as to what facts" supported the legal claims being asserted. Id. at 1177. In dismissing the third amended complaint with prejudice, the district court also stated that "the prior complaints presented long-winded tales . . . , but failed properly to notify the individual defendants of the legal claims they faced." Id. Noting that "[t]he Federal Rules require that averments 'be simple, concise, and direct,'" the Ninth Circuit found that complaint to be "argumentative, prolix, replete with redundancy," "largely irrelevant," and consisting "largely of immaterial background information" (Id.), stating further that:

> . . . Rather than set out the basis for a lawsuit, the pleading seems designed to provide quotations for newspaper stories. Despite all the pages, requiring a great deal of time for perusal, one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery.

Id. at 1178 ("[T]he very prolixity of the complaint made it difficult to determine just what circumstances were supposed to have given rise to the various causes of action.").

Unlike in McHenry, however, the amended complaint plaintiff filed here – though certainly long, and perhaps containing evidentiary allegations and other information not wholly necessary to satisfy the requirements of Fed. R. Civ. P. 8(a) – does not set forth averments, which are so confusing, irrelevant or vague that it is impossible to determine what claims are being made, against whom, and the kind of relief being sought. Indeed, while plaintiff certainly could have made his complaint shorter, and did not need to

attach 40-plus pages of exhibits thereto, the averments in the complaint are clear enough to make out the specific claims he is asserting, against which individual defendants he is asserting them, and the particular type of relief he is seeking. In addition, although some of the material in the complaint could be deemed immaterial or irrelevant, the complaint overall contains sufficient detail both to allow defendants to frame a proper responsive pleading, as well as to guide later discovery.

Defendants also cite <u>Holgate</u> for the proposition that while a complaint must provide "a short and plain statement" of the claims being made, so as to give defendants "fair notice" of what those claims are, and the grounds upon which they are based, Fed. R. Civ. P. 8(a) "does not require" plaintiff "to lay out in detail the *facts* upon which" his claims are based. 425 F.3d at 676 (emphasis in original). But in <u>Holgate</u>, the complaint at issue, again unlike that in this case, was properly dismissed, because "it did not allege that a specific act was committed in furtherance of" the alleged conspiracy," and thus it "failed on its face to allege a required element of a [42 U.S.C.] § 1985(3) claim." <u>Id.</u> "Even under the liberal notice pleading rules set out by the Federal Rules of Civil Procedure," therefore, the plaintiffs "were required to do more." <u>Id.</u> As discussed above, though, insufficient claim specificity is not at issue here.

Defendants also cite several older cases from other circuit and district courts, in which they assert complaints far shorter than the one in this case have been found to violate the "short and plain statement" requirement of Fed. R. Civ. P. 8(a). As pointed out by plaintiff, however, a much more recent decision by the Ninth Circuit clearly has rejected dismissal of a complaint solely on the basis of its length. In <u>Hearns v. San Bernadino Police Dept.</u>, 530 F.3d 1124 (9th Cir. 2008), the plaintiff's original complaint was 81 pages long, and the amended complaint he filed was 68 pages long. <u>Id.</u> at 1130. No attempt was made by the defendants in that case, however, to identify the "particular allegations" they believed to be "immaterial or unnecessary," nor did they assert that the amended complaint failed to allege "cognizable causes of action," that the "legal theories" set forth therein were "incoherent", or that they could not tell what causes of action were alleged against which defendants. <u>Id.</u>

In concluding that neither complaint violated Fed. R. Civ. P. 8(a), the Ninth Circuit looked to prior cases in which it declined to dismiss complaints merely on the basis of length. For example, the Ninth Circuit cited <u>McHentry</u>, noting that it had affirmed the district court's dismissal of the lengthy complaints in that case, because, among the other factors discussed above, "'[o]nly by months or years of discovery and motions [could] each defendant find out" for what he was being sued. <u>Id.</u> (quoting <u>McHenry</u>, 84 F.3d

at 1178); see also Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981) (upholding dismissal of 48-page complaint that had 23 pages of additional addenda and exhibits, characterizing it as verbose, confusing and almost entirely conclusory); Schmidt v. Herrmann, 614 F.2d 1221, 1223-24 (9th Cir. 1980) (causes of action were impossible to designate in 30-page complaint, which was described as confusing, distracting, ambiguous, and unintelligible).

The Ninth Circuit also discussed Gillibeau v. City of Richmond, 417 F.2d 426 (9th Cir. 1969), in which it stated that dismissals for violations of the "short and plain statement" requirement set forth in Fed. R. Civ. P. 8(a)(2), usually are "confined to instances in which the complaint is so 'verbose, confused and redundant that its true substance, if any, is well disguised.'" Hearns, 530 F.3d at 1131 (quoting Gillibeau, 417 F.2d at 431). The Ninth Circuit went on to expressly state that "verbosity or length" were not by themselves "a basis for dismissing a complaint based on" Fed. R. Civ. P. 8(a). Id. (citing Wynder v. McMahon, 360 F.2d 73, 80 (2nd Cir. 2004) (complaint, though long, not so confused, ambiguous, vague or unintelligible that true substance was well disguised), and Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003) ("Some complaints are windy but understandable. Surplussage can and should be ignored.")).

By contrast, the complaint in Hearns, as the Ninth Circuit noted:

> . . . was not "replete with redundancy and largely irrelevant." It set out more factual detail than necessary, but the overview was relevant to Plaintiff's cause of action . . . Nor was it "confusing and conclusory." The complaint is logically organized, divided into a description of the parties, a chronological factual background, and a presentation of enumerated legal claims, each of which lists the liable Defendants and legal basis therefor. The [amended complaint] and the original complaint contain excessive detail, but are intelligible and clearly delineate the claims and the Defendants against whom the claims are made. . . . Here, the Defendants should have no difficulty in responding to the claims with an answer and/or with a Rule 12(b)(6) motion to dismiss.

Id. at 1132 (internal citations omitted). This description is equally apt to the amended complaint plaintiff filed here, and thus the undersigned finds no cause for striking it pursuant to Hearns or its progeny, or the other legal authorities discussed above, which are in agreement therewith. See id. at 1132-33 ("Plaintiff's complaints were long but intelligible and allege viable, coherent claims."). Like that in Hearns, plaintiff's amended complaint, though containing more factual detail than necessary, overall it is largely relevant to his claims, is neither confusing nor necessarily unduly conclusory, is logically organized and divided into appropriate sections, and, as noted above, sets forth with sufficient clarity, the particular causes of action, against whom they are alleged, and the relief being sought.

Defendant takes issue with plaintiff's reliance on, and, indeed, the majority's decision in, <u>Hearns</u>, stating that "[f]rankly" that decision "ignores the plain language of" Fed. R. Civ. P. 8(a) "and several prior Ninth Circuit decisions construing this rule." (Dkt. #62, p. 3). While defendants certainly may not agree with the approach the majority took in <u>Hearns</u>, their decision is the decision of the Ninth Circuit, and this Court is not free to ignore it. Nor does the majority's decision ignore "the plain language of" Fed. R. Civ. P. 8(a) or the Ninth Circuit's own precedent, since, as discussed above, both that precedent and decisions from other courts wholly agree with the approach taken in <u>Hearns</u>. Defendants' reliance on the dissent's opinion in <u>Hearns</u> – in addition to not being the law of this circuit – also is misplaced.

The part of the majority's decision the dissent disagreed with in <u>Hearns</u>, concerned the reversal of the district court's decision to dismiss the complaint entirely, not its holding that it is improper to strike a complaint merely on the basis of its length. In reversing that decision, the majority stated that the district court had "ample remedial authority to relieve a defendant of the burden of responding to a complaint with excessive factual detail," by including, for example, "simply" striking "the surplussage" from the amended complaint, or excusing the defendants "from answering those paragraphs." <u>Hearns</u>, 530 F.3d at 1132. In other words, "[b]ecause dismissal with prejudice is a harsh remedy," the district court "should first consider less drastic alternatives." <u>Id.</u> (citing <u>McHenry</u>, 84 F.3d at 1178).

The dissent complained that in so reversing the district court's dismissal, the majority had failed to follow Ninth Circuit precedent. <u>Id.</u> at 1133. Specifically, the dissent noted the district court:

> . . . exercised its discretion to dismiss only after giving plaintiff numerous opportunities to cure not only the pleading defect but also other defects, and providing the plaintiff with guidance about what was wrong with the complaint. The district court's liberality was repaid with contumaciousness and evasion. The plaintiff filed an amended complaint distinguished from the dismissed version only by smaller margins.

<u>Id.</u> Thus, according to the dissent, while the majority recited, it failed to "actually apply the standard of review for <u>dismissal</u> under" Fed. R. Civ. P. 8, which is "abuse of discretion." <u>Id.</u> and n.4 (emphasis added) (citing <u>McHenry</u>, 84 F.3d at 1177). Here, though, the issue is not whether plaintiff's amended complaint should be dismissed pursuant to Fed. R. Civ. P. 8(a) – indeed, defendants specifically assert they are not seeking dismissal thereof – but whether, as described by defendants, it constitutes "a clear and egregious violation of" that rule. (Dkt. #58, p. 5). The Court finds no such violation here.

As discussed above, length, wordiness, redundancy, and even the inclusion of non-necessary facts or other information alone will not result in the granting of a motion to strike, unless such language and/or

ORDER
Page - 8

matter is unduly prejudicial to defendants or makes it impossible to determine the claims being asserted, against whom, and for what relief, and, therefore, to file a proper responsive pleading. Defendants have not made that required showing here. Indeed, as in Hearns, defendants do not make much of an effort to identify with any specificity the particular allegations or matters that should be stricken – but rather they merely assert that the pleading as a whole should be discarded.

While striking the entire amended complaint would make it easier on the Court – had defendants' motion been found to have merit – no attempt has been made to show that overall it does not stand up to the liberal pleading standards applied in this circuit. As noted above, it is not at all difficult upon reading the amended complaint, to determine the particular claims being raised, against which defendants, and for what relief. True, given the length of that complaint, some effort on the part of defendants would need to be exerted to properly frame a response. But that often is the nature of civil rights litigation, especially when *pro se* prisoner plaintiffs are involved. Indeed, as pointed out by plaintiff, it appears defendants had no difficulty framing such a response (a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6)) to the original complaint, which itself was 38 pages long, consisting of 101 paragraphs – and, for that matter, containing deficiencies in the claims raised therein that would have warranted dismissal had plaintiff not ultimately cured them by filing his amended complaint – although, granted, only six documentary exhibits were attached thereto. See (Dkt. #8, #38).

Defendants give only two examples of what they argue consist of unnecessary and inappropriate evidentiary support and argument in the amended complaint. The first is paragraph 46, in which plaintiff states defendant Ron Van Boening knew that defendant James Dye was a racist, that he held racist views, and that he retaliated against, harassed, and terrorized minority inmates, and lists six examples of what defendant Dye allegedly did to other such inmates. See (Dkt. #40, pp. 11-12). Although such examples, once more, perhaps are not necessary to satisfy the "short and plain statement" requirement of Fed. R. Civ. P. 8(a), this does not alone constitute a violation of that rule. Nor does defendants state why they believe those examples to be inappropriate. Indeed, if it is shown that defendant Van Boening in fact was aware of such behavior on defendant Dye's part, such examples might be relevant with respect to, for example, plaintiff's equal protection claim against both defendants.

The second example defendants point to consists of paragraph 139 of the amended complaint, in which plaintiff alleges that had an investigator other than defendants Van Boening and Jorban

investigated his retaliation and racial discrimination claims, that investigator would have discovered the existence of certain factual allegations specified therein. While the Court does agree this paragraph is phrased in the manner of a hypothetical situation, it also can be read – again, given the liberal pleading rules in effect in this circuit – as plaintiff merely claiming the factual allegations set forth therein. Further, in light of those rules, these allegations are not necessarily irrelevant to the claims contained in the amended complaint, let alone in violation of Fed. R. Civ. P. 8(a).

Defendants point to no other such examples in the amended complaint. The Court also declines to attempt to decipher which other portions of that complaint defendants believe the above two paragraphs to be merely examples. Indeed, as noted above, the Court previously determined the claims contained in the amended complaint sufficient to allow for filing and service thereof. Defendants have provided no valid bases for why the Court should find otherwise now, particularly since they have not alleged an inability to ascertain the nature of those claims – not surprisingly given that the Court itself was able to do so without undue effort – or shown any prejudice by having to respond to them.[2] Accordingly, defendants' motion to strike plaintiff's amended complaint (Dkt. #58) hereby is DENIED.

Defendants request as well that, should this Court be disinclined to strike the amended complaint and order plaintiff to file a new one, they be allowed to answer the amended complaint only with general denials. In responding to a pleading, the responding party must state "its defenses to each claim asserted against it," and "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1). In addition, "[a] denial must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2). "A party that intends in good faith to deny all the allegations of a pleading . . . may do so by a general denial." Fed. R. Civ. P. 8(b)(3). On the other hand, where a party "does not intend to deny all" of the pleadings allegations, that party "must either specifically deny designated allegations or generally

---

[2]The Court does agree with defendants, however, that their motion should not be denied on the basis of *res judicata* as argued by plaintiff. Within the doctrine of *res judicata*, there are two types of preclusion: claim preclusion and issue preclusion. Robi v. Five Platters, Inc., 838 F.2d 318, 821 (9th Cir. 1988). Issue preclusion "prevents relitigation of all 'issues of fact or law that were actually litigated and necessarily decided' in a prior proceeding." Id. at 522 (quoting Segal v. American Tel. & Tel. Co., 606 F.2d 842, 845 (9th Cir. 1979)). Issue preclusion attaches "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment." Arizona v. California, 530 U.S. 392, 415 (2000) (quoting Restatement (Second) of Judgments, § 27, p. 250 (1982)). It is "intended to limit the number of times a defendant may be forced to litigate the same claim or issue, and to promote efficiency in the judicial system by putting an end to litigation." Peck v. Commissioner of Internal Revenue, 904 F.2d 525, 527 (9th Cir. 1990). As noted by defendants, because there has been no final resolution of the claims or issues before the Court in this matter – and because plaintiff has not shown any such claims or issues were finally decided in a prior proceeding – the doctrine of *res judicata* does not apply here.

deny all except those specifically admitted." Id.

The Court will not grant defendants' request to answer the amended complaint with only general denials, as it would seem any such denials could not be made in good faith. This is because, as discussed above, defendants have not shown they would be unable to respond to the allegations contained in that complaint with more specific admissions or denials. For example, the amended complaint alleges certain legal and factual claims regarding the existence of jurisdiction and venue, as well as who the parties are to the complaint, and whether certain events involving plaintiff and/or one or more of the defendants named therein took place. These are specific allegations that do not appear to warrant, at least at this time, mere general denials. This request, therefore, too is denied.

Accordingly, for all of the above reasons, defendants' motion to strike the amended complaint (Dkt. #58) hereby is DENIED. Also for the reasons set forth above, plaintiff's own motion to strike that motion (Dkt. #59) hereby is DENIED as well. The Court also agrees that defendants should be required to answer the amended complaint forthwith, and, as such, they hereby are directed to do so by **no later than July 8, 2009**.

The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.

DATED this 18th day of June, 2009.

Karen L. Strombom
United States Magistrate Judge