UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT EARLE JOHNSON,

    Plaintiff,

v.

RON VAN BOENING, *et al*,

    Defendants.

Case No. C08-5428FDB-KLS

ORDER DENYING PLAINTIFF'S REQUEST TO SERVE SUBPOENA *DUCES TECUM*

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4, and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72. The case is before the Court on plaintiff's filing of a letter requesting that the Court serve a subpena *duces tecum* pursuant to Fed. R. Civ. P. 45 on a non-party to this case. (Dkt. #60). After reviewing plaintiff's request and the balance of the record, the Court finds and orders as follows:

On May 6, 2009, the Court received a letter from plaintiff, dated May 1, 2009, addressed to the Clerk, in which he requests that the Court have served an enclosed subpoena *duces tecum* on a non-party to this case, Jean Anderson, health care manager at the McNeil Island Corrections Center. Plaintiff states that he attempted to have the subpoena served on Ms. Anderson on February 16, 2009, also by a non-party to this case, but that she "rejected the service, refused to respond, and said that the only subpoena she would recognize" had "to come from the Court." (Dkt. #60). For that reason, plaintiff further states, he is requesting that the Court itself have the subpoena served on Ms. Anderson.

ORDER
Page - 1

1   The Court declines to do so at this time.  First, plaintiff has not properly drafted or noted the above request as a motion.  See Fed. R. Civ. P. 7; Local Rule CR 7.  The Court, nevertheless, shall treat it as such for purposes of this matter.  Plaintiff is warned, though, that all future requests seeking Court action must properly be filed and noted as motions pursuant to the Federal Rules of Civil Procedure.  Failure to do so may result in denial of the request without consideration on the merits.

Second, it is the obligation of the party requesting the subpoena, not the Court, to have it served on the person designated therein.  See Fed. R. Civ. P. 45(a)(3).  Plaintiff states that he had a non-party attempt to do so, but no proof that such service was attempted has been provided – by submitting, for example, a declaration or affidavit to that effect by the person tasked with serving the subpoena – and refused in the manner described above.  Thus, while "a party may move for an order compelling disclosure or discovery" pursuant to Fed. R. Civ. P. 37(a)(1), that party also "must include" with such a motion, "a certification" that the party "has in good faith conferred or attempted to confer with the person or party failing to make disclosure in an effort to obtain it without court action."

Notice of the motion to compel, furthermore, must be provided not only to the other parties to the action, but to "all affected persons" as well.  Id.  In other words, in addition to properly filing and serving a motion to compel pursuant to Fed. R. Civ. P. 37(a)(1) – including providing the certification that he has made a good faith effort to confer – plaintiff also must give notice of such motion to the person designated in the subpoena to respond thereto, i.e., Ms. Anderson.  None of the above steps or the required good faith showing so far has been done.  Accordingly, for all of the above reasons, plaintiff's request that the Court have the subpoena attached to his letter served (Dkt. #60) hereby is DENIED.

The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.

DATED this 18th day of June, 2009.

Karen L. Strombom
United States Magistrate Judge